10-5148.121-RSK                                                January 16, 2013

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JOSEPH OLINYK and PAULINE A.          )
APPLEGATE,                            )
                                      )
                 Plaintiffs,          )
                                      )
          v.                          )    No. 10 C 5148
                                      )
JEFFREY D. FLEMMING, JAMES GAINER,    )
MIKE WAHL, THOMAS J. WESTLEY, and     )
KEITH RINGHAM,                        )
                                      )
                 Defendants.          )

**MEMORANDUM OPINION**

Before the court are (1) defendant Keith Ringham's motions to deny attorneys' fees and to stay briefing on the plaintiff's motion for fees and costs; and (2) plaintiff Joseph Olinyk's motion for attorneys' fees. For the reasons explained below, we grant Ringham's motion to deny fees, deny his motion to stay briefing as moot, and deny the plaintiff's motion for attorneys' fees.

**BACKGROUND**

Olinyk and Paulina Applegate filed a six-count complaint against five defendants stemming from Olinyk's arrest at Applegate's residence in 2008. The complaint alleged that four Island Lake police officers — Jeffery Flemming, James Gainer, Mike Wahl, and Thomas Westley — illegally entered Applegate's home and used excessive force to arrest Olinyk, injuring Applegate in the process. According to the plaintiffs, the Island Lake police

- 2 -

officers beat Olinyk and sprayed him with pepper spray without provocation.  Ringham, a Wauconda police officer, was named as a defendant to Olinyk's excessive-force claim for his conduct after the Island Lake police officers removed Olinyk from the house.  As developed at trial, Ringham and Gainer dragged Olinyk from outside Applegate's home to an ambulance, causing bruises and abrasions along the way.

In December 2010, Ringham made a $2,500 Rule 68 offer of judgment, which Olinyk rejected.  Shortly thereafter, Olinyk and Applegate accepted Rule 68 offers of judgment from the four Island Lake police officers.  (See Judgment in Favor of Olinyk, dated Jan. 28, 2011, Dkt. 28 ($30,000); Judgment in Favor of Applegate, dated Jan. 28, 2011, Dkt. 32 ($20,000).)[1]  Olinyk and Ringham conducted discovery and unsuccesfully attempted to settle their dispute during a settlement conference with Magistrate Judge Cox.  After a four-day trial, we instructed the jury that they could find for Olinyk on his excessive-force claim under two theories: (1) Ringham's personal use of excessive force; and/or (2) Ringham's failure to intervene to prevent Gainer's use of excessive force.  The jury found for Olinyk, and against Ringham, on the second theory.  During closing arguments, Olinyk had asked the jury to award him $15,000 in compensatory damages and $45,000 in punitive

---

[1]  The plaintiffs and the Island Lake defendants later settled the plaintiffs' claims for attorneys fees and costs.

damages.  (See Def.'s Mot. at 4; Pl.'s Resp. at 3.)  The jury awarded him $100 in compensatory damages and awarded no punitive damages.

## DISCUSSION

### A. Whether it is Necessary to Calculate a Lodestar Fee Amount in This Case

Olinyk was a prevailing party for purposes of 42 U.S.C. § 1988 even though his recovery was *de minimis*.  See Farrar v. Hobby, 506 U.S. 103, 112 (1992) (a plaintiff who recovers even nominal damages is a prevailing party under § 1988).  But Ringham argues that the award was so small in relation to Olinyk's demands that we should deny his request for attorneys' fees outright.  In Farrar, the plaintiff sought $17 million in compensatory damages, but received only nominal damages of $1.  See Farrar, 506 U.S. at 106-07.  The Supreme Court held that this disparity permitted the district court to award "no fees or low fees" without conducting the reasonableness inquiry that the Court established in Hensley v. Eckerhart, 461 U.S. 424 (1983).  See Farrar, 506 U.S. at 115; see also id. at 117-18 (O'Connor, J., concurring) ("As a matter of common sense and sound judicial administration, it would be wasteful indeed to require that courts laboriously and mechanically go through [the procedure established in Hensley] when the *de minimis* nature of the victory makes the proper fee immediately obvious."); cf. Hensley, 461 U.S. at 433 (requiring courts to

- 4 -

calculate a "lodestar" fee amount that the court may adjusted using a multi-factor test for reasonableness).

There is some tension in controlling Seventh Circuit authority about when it is appropriate to "jettison" the lodestar method of determining fees. <u>Cole v. Wodziak</u>, 169 F.3d 486, 488 (7th Cir. 1999). <u>Cole</u> held that district courts may apply <u>Farrar</u> when the plaintiff recovers more than nominal damages, but still substantially less than he demanded. <u>See</u> <u>id.</u> ("When recovery is low enough in relation to the demand, however, the judge may jettison the lodestar apparatus and choose an appropriate fee using other means.") (citing <u>Farrar</u>, 506 U.S. at 114-15). <u>Cole</u> suggests that a recovery of less than 10% of the plaintiff's demand would be sufficient. <u>See</u> <u>id.</u> at 489; <u>Perlman v. Zell</u>, 185 F.3d 850, 859 (7th Cir. 1999) ("We have held in a series of recent cases that a litigant who wins less than 10% of his initial demand either is not a prevailing party for purposes of fee-shifting statutes or should be treated as if he had not prevailed."); <u>but see</u> <u>Tuf Racing Prods., Inc. v. American Suzuki Motor Corp.</u>, 223 F.3d 585, 592 (7th Cir. 2000) (clarifying that there is no per se rule against awarding attorney's fees when the plaintiff has recovered less than 10% of his demand). But there is langauge in other Seventh Circuit cases suggesting that <u>Farrar</u> is limited to cases involving nominal damages. <u>See</u> <u>Estate of Enoch v. Tienor</u>, 570 F.3d 821, 822-23 (7th Cir. 2009) ("In cases which involve more than a nominal award, we

have rejected the notion that the fee award should be reduced because the damages were smaller than a plaintiff originally sought or that the fee award might, in fact, be more than the plaintiff's recovery."); see also Sheehan v. Donlen Corp., 173 F.3d 1039, 1048 (7th Cir. 1999) ("This court has repeatedly rejected the notion that the fees must be calculated proportionally to damages . . . . The principle applies equally to purported disproportionality between the relief requested and that received.") (citations omitted). And the Court recently stated in dicta that Cole's approach "seems to be losing favor." Anderson v. AB Painting and Sandblasting Inc., 578 F.3d 542, 545 (7th Cir. 2009) (citing Estate of Enoch v. Tienor, 570 F.3d at 822-23).

Despite the tension among these authorities, we think it is appropriate to evaluate Olinyk's fee request without incurring the time and expense of a full-blown Hensley analysis. Olinyk recovered substantially less than the plaintiff in Cole, both as a total recovery ($100 versus $4,500) and as a percentage of his demand (less than one percent versus 9%). And although his recovery was not "nominal,"[2] Estate of Enoch and Donlen are easily distinguishable on their facts. The plaintiffs in Estate of Enoch

---

[2] During deliberations the jury asked whether it could find for the plaintiff on his excessive-force claim but award no damages. We instructed the jury that it was required to award at least nominal damages of $1 if it found for the plaintiff. The $100 award indicates that the jury ultimately found that Olinyk had shown a compensable injury. Cf. Farrar, 506 U.S. at 115 ("In a civil rights suit for damages . . . the awarding of nominal damages . . . highlights the plaintiff's failure to prove actual, compensable injury.").

- 6 -

settled their civil rights lawsuit for $635,000, exclusive of attorneys' fees. See Estate of Enoch, 570 F.3d at 822. This substantial recovery only seemed small when compared to the $10 million that the plaintiffs sought in their complaint. Id. The district court relied on the disparity to reduce the plaintiffs' requested attorneys' fees by two-thirds. Id. Our Court of Appeals reversed the district court's order and remanded the case "for a proper calculation of the award." Id. at 823. Sheehan is similar: the plaintiff made what appears to have been an exorbitant demand ($700,000 for pregnancy discrimination) and received $30,000 in back pay, much less than she had sought but still a significant victory. Sheehan, 173 F.3d at 1043; see also Tuf Racing, 223 F.3d at 588, 592 (Cole distinguishable where the plaintiff demanded $1.2 million but recovered "only" $137,000). We cannot say the same for the $100 jury verdict in this case.[3] Olinyk argues that we should be guided by Hyde v. Small, 123 F.3d 583, 584-85 (7th Cir. 1997), which held that civil-rights plaintiffs should not be penalized for pursuing small claims. See id. at 585 ("There is no minimum amount in controversy required in civil rights cases and no federal small claims court, so it is no abuse of the federal district courts to bring the kind of suit that Hyde did, and therefore he should not

---

[3]  Estate of Enoch and Sheehan would have been highly relevant if the Island Lake defendants challenged the plaintiffs' fee requests. (Cf. infra note 1.) Olinyk and Applegate recovered a signficant amount of money from those defendants, ($30,000 and $20,000, respectively), even though it was only a small percentage of the money that they had requested in their complaint.

- 7 -

be disqualified from an award of attorneys' fees without which such a case would never be brought."). But unlike the plaintiff in Hyde, Olinyk was seeking "big bucks." Cf. id.; see also Cole, 169 F.3d at 489 ("Hyde holds that a plaintiff who suffers a slight injury and does not over-claim in court is entitled to a compensatory fee even if that fee exceeds the damages. It did not hold that a person who suffers a slight injury and makes an exaggerated claim should be treated similarly."). In his complaint, Olinyk sought $1.5 million against Ringham and the other defendants for excessive force. And while he did scale back his demand over time, he still asked the jury for substantial damages — $60,000 of combined compensatory and punitive damages, twice the amount he had accepted to settle his claims against the other defendants — and received only a tiny fraction of that request. Under the circumstances, we think it is appropriate to "jettison the lodestar apparatus . . . ." Cole, 169 F.3d at 487.

**B.   Whether the Plaintiff is Entitled to Any Fees**

A *de minimis* damages award does not always tell the whole story. Our Court of Appeals has adopted a three-part test in cases involving "nominal" or "minimal" damages "to determine whether a prevailing party achieved enough success in the underlying suit to be entitled to an award of attorney's fees." Simpson v. Sheahan, 104 F.3d 998, 1001 (7th Cir. 1997). "The 'relevant indicia of success' in such cases are: (1) the difference between the judgment

recovered and the recovery sought; (2) the significance of the legal issue on which the plaintiff prevailed; and (3) the public purpose of the litigation." Id. (quoting Farrar, 506 U.S. at 122). The "indicia of success" in this case warrant "no fees or low fees." Farrar, 506 U.S. at 115. As we have just discussed, Olinyk recovered less than 1% of his demand. This is the most important factor in cases governed by Farrar, see Maul v. Constan, 23 F.3d 143, 145 (7th Cir. 1994), and it strongly supports denying attorneys' fees. The second factor is the "least important" and concerns the "legal import" of the plaintiff's constitutional claim. Id. This factor is sometimes described as requiring the court to consider "the extent the plaintiffs succeeded on their theory of liability." Cartwright v. Stamper, 7 F.3d 106, 110 (7th Cir. 1993); but see Maul, 23 F.3d at 145 (suggesting that the relevant question is instead whether the plaintiff sought to vindicate an important or "significant" right). Olinyk's claim against Ringham was originally based upon his alleged personal use of excessive force. (See Compl. ¶ 341 ("[T]he physical force used by the Defendants [including Ringham] against Plaintiff Olinyk before and after Plaintiff Olinyk was handcuffed was unreasoanble, including kicking, striking, deploying oleoresin capsicum, and dragging and dropping Plaintiff Olinyk.").) The jury did not find for Olinyk and against Ringham on that theory. Instead, it awarded Olinyk $100 based upon Ringham's failure to intervene, a theory that was added late in the case. See Cartwright, 7 F.3d at 110 ("We can infer from the verdict

- 9 -

here that the jury rejected the plaintiffs' broad allegations of a conspiracy to obtain documentary evidence of Cartwright's harassment claim."). So, Olinyk was only partially successful against Ringham on his theory of liability. We conclude that this factor weighs in Olinyk's favor, but it "only minimally advances [his] claim that he is entitled to attorneys' fees." Maul, 23 F.3d at 146.[4] Finally, this lawsuit did not serve any public purpose beyond the parties' individual interests. No injunctive relief was sought, and no punitive damages were awarded. See Maul, 23 F.3d at 146-47. We conclude that Olinyk's success in this case was so minimial that the appropriate attorneys' fee is no fee at all.

## CONCLUSION

The defendant's motion to deny attorneys' fees [91] is granted. His motion to stay briefing on the plaintiff's fee motion [97] is denied as moot. The plaintiff's motion for fees [95] is denied.

DATE:   January 16, 2013

ENTER:  _____

---

[4] The outcome is essentially the same if we instead ask whether the plaintiff sought to vindicate an important right. See Maul, 23 F.3d at 145. A citizen's right to be free from excessive force is unquestionably important, as was the right at issue in Maul. See id. at 145-46 ("The question of whether plaintiff is entitled to a hearing before antipsychotic drugs are administered against his wishes is clearly a significant constitutional question . . . ."). Nevertheless, as in Maul, this factor "only minimally advances" Olinyk's claim. Id.

- 10 -

John F. Grady, United States District Judge